Mark Crabtree, OSB #015070
crabtreem@jacksonlewis.com
JACKSON LEWIS P.C.
200 SW Market St., Ste. 540
Portland, Oregon 97201
Telephone: (503) 229-0404
Facsimile: (503) 229-0405
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY STILLWELL,<br><br>    Plaintiff,<br><br>        vs.<br><br><br>OLD DOMINION FREIGHT LINE, INC.,<br>a Virginia corporation,<br><br>    Defendant. | Case No.:  3:19-cv-1789-SI<br><br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

Plaintiff was appropriately terminated following repeated complaints that he belittled,

degraded, and yelled at subordinates.  Plaintiff was issued a written warning and provided a

chance to improve his conduct, but the Company received an additional complaint about

Plaintiff's abusive conduct.  Old Dominion terminated Plaintiff's employment for the legitimate,

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

nondiscriminatory, business-related reason that he would not or could not conform his conduct to the Company's core values. The termination decision had zero relationship to Plaintiff's medical impairments, leave, or any other protected reason, and there is no evidence to the contrary. Any "dramatic downturn" Plaintiff perceived in his career prospects following his return from medical leave was entirely self-inflicted. The singular reason for Plaintiff's discipline and discharge was his inability to conform his workplace conduct to Defendant's reasonable expectations. Plaintiff attempts to avoid summary judgment by overstating nonmaterial facts and ignoring key facts. The undisputed material facts, however, do not create any reasonable inference of discriminatory or retaliatory intent.

Plaintiff's suggestion that Old Dominion improperly delayed his promotion is similarly unsupported by the evidence. The evidence shows that Plaintiff was in line for a transfer to a regional position, but the transfer simply did not materialize on the schedule that Plaintiff preferred. There was nothing improper about Old Dominion's decisions regarding scheduling Plaintiff's transfer. Plaintiff's assertion that he was entitled to the transfer on his preferred schedule, either as an accommodation or as a matter of right, is not supported by applicable law.

Ultimately, Plaintiff has not produced the type of evidence that permits him to avoid summary judgment and present his claims to a jury. Summary judgment in Old Dominion's favor is appropriate and this case should be dismissed as a matter of law.

## ARGUMENT

### A. Plaintiff's Written Warning and Subsequent Termination Cannot Reasonably be Considered Pretextual

Notwithstanding the lengthy record proffered by Plaintiff, this is a relatively straightforward performance termination case based on Plaintiff's violation of Old Dominion's reasonable performance expectations for its managers.

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

The undisputed evidence establishes that Old Dominion issued Plaintiff a final written warning after multiple employees complained that Plaintiff belittled, degraded, and yelled at them. Plaintiff cannot dispute that the employees in fact complained about his conduct. Nor can Plaintiff reasonably argue that Old Dominion's response to those complaints was improper. Plaintiff was issued a final written warning and provided an opportunity to correct his conduct. Old Dominion terminated Plaintiff's employment only after receiving a substantially similar complaint less than two months later. Plaintiff cannot argue that employees did not in fact complain. He also cannot reasonably argue that Old Dominion should have disregarded the employee complaints. The employee complaints implicated Old Dominion's core values and were unquestionably an appropriate basis for discipline. Plaintiff has admitted as much. In the face of the repeated complaints concerning Plaintiff's workplace conduct, Old Dominion appropriately exercised its discretion to terminate Plaintiff's employment. Plaintiff offers no competent evidence from which to reasonably conclude that Old Dominion's reasons for his discipline and termination were a pretext for discrimination.

1. *Plaintiff's Burden at the Pretext Level*

This case turns on whether Old Dominion's reasons for disciplining and terminating Plaintiff were "false," or whether a discriminatory reason "more likely motivated the challenged actions." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918 (9th Cir. 1996). In the absence of direct evidence of discrimination, Plaintiff's circumstantial evidence of pretext must be "specific and substantial." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998). An employee "cannot simply show the employer's decision was wrong, mistaken or unwise" in order to prove pretext. *Dep't of Fair Employ. & Housing v. Lucent Techs, Inc.*, 642 F.3d 728, 746 (9th Cir. 2011). Instead, "the employee must demonstrate such weaknesses, implausibilities,

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 ǀ (503) 229-0405
(fax)

inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact-finder could rationally find them unworthy of credence." *Id.*

## 2. *Plaintiff cannot show "differing rationales" suggest pretext*

It is undisputed that, in March 2018, managers Tom Lillywhite and Scott Goodrich were visiting Old Dominion's Portland facility and fielded complaints about Plaintiff's conduct from Plaintiff's subordinates. Those complaints included reports that "Kelly's approach is not good"; that managers "are belittled and he degrades them"; and that he was "yelling at [Operations Manager]'s/ Supervisors." Lillywhite Decl. ¶ 5, Ex. 4. It is also undisputed that the conduct complained of violated Old Dominion's policies and was an appropriate basis for discipline. Those complaints formed the basis for a final written warning delivered to Plaintiff on April 19, 2018.

Plaintiff does not contest that his former coworkers complained about him. Those complaints were documented by Lillywhite and reflected in the April 2018 written warning provided to Plaintiff. Rather, Plaintiff makes various arguments about why Old Dominion's response to the complaints was somehow false or somehow motivated by unlawful animus. First, he contends that those involved in fielding the complaints—Lillywhite and Goodrich—gave inconsistent testimony about the reasons they visited the Portland facility in the first place. The alleged inconsistency concerning why the managers were at the Portland facility—whether to investigate an anonymous complaint against Jeff Lorenzini or to connect with staff members more generally—is quite immaterial to a resolution of Plaintiff's claims in this case. Plaintiff does not (and cannot) challenge Old Dominion's prerogative to dispatch Lillywhite and Goodrich to the Portland facility to meet with employees. The managers frequently interacted with Portland staff. Thus, any explanation for why the managers were at the Portland facility—

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

even if the explanations differ—does not undermine the otherwise legitimate rationale for the April 2018 written warning. *See generally Nidds*, 113 F.3d at 918.

Similarly, Plaintiff contends the evidence permits an inference that Lillywhite and Goodrich solicited negative information about Plaintiff during the March 2018 meetings with employees. If they did, Plaintiff contends, those solicitations somehow suggest that the written warning was pretextual. The evidence establishes that, during the March 2018 meetings with employees, the managers asked "how things were going, . . . how was the work going, give us an idea of how many hours you're working, how's your relationship with your manager, how's your relationship with Jeff [Lorenzini]." Lillywhite Dep. at 81:9-14. Goodrich recalled much the same. *See* Goodrich Dep. at 34:10-13. Such questions are certainly not improper. Even if the managers in fact solicited negative input specific to Plaintiff (which is not supported by the record), it does not undermine the rationale for Plaintiff's written warning. The employees' feedback and complaints, in and of themselves, fully support the challenged employment action. In short, the purported inconsistent testimony cited by Plaintiff falls well short of creating an issue for trial.

### 3. *There was no departure from standard policy*

Plaintiff argues that Old Dominion's non-discriminatory rationale for his discipline and eventual discharge should not be believed because the Company purportedly failed to follow its own policies when disciplining and terminating him. Primarily, Plaintiff complains that he was not interviewed about the employee complaints that the managers fielded in March 2018, and again in May 2018. The problem with Plaintiff's argument is that he fails to identify a policy that the Company supposedly deviated from. *See Ainsworth v. Indep. Sch. Dist. No. 3*, 232 F. App'x 765, 774 (10th Cir. 2007) (holding the plaintiff failed to show pretext based on allegations

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

of an inadequate investigation because the plaintiff did not provide evidence that the employer had a policy concerning investigations).

Plaintiff identifies no policy proscribing that Stillwell be interviewed before being disciplined. There are practical reasons for the absence of such a mandate. In this instance, for example, three different employees complained in March 2018 about misconduct by Plaintiff. Lillywhite "believed that the information from our supervisors and [Operations Managers] was not made up. They were members of management and we hold them to a higher standard and I didn't believe they were lying to me." Lillywhite Dep. at 92. Thus, even if management had asked Plaintiff for his version of events, his denial would not have altered the Company's conclusion. In short, the fact that Plaintiff was not given a chance to deny the accounts against him does not undermine the legitimate reasons for Plaintiff's discipline and subsequent discharge.[1]

### 4. *Plaintiff's self-serving statements do not create an issue of fact*

Plaintiff makes various self-serving assertions, including his denial that he engaged in the conduct that his former coworkers complained about to management. Plaintiff's own statements are insufficient to create an issue of fact as to whether Defendant fired him for unlawful reasons. In cases in which an employer discharges an employee based on the complaint of another employee, the issue is not the truth or falsity of the allegation, but "whether the employer reasonably believed the employee's allegation and acted on it in good faith." *Waggoner v. City of Garland*, 987 F.2d 1160, 1165 (5th Cir. 1993). *See Villiarimo v. Aloha Island Air, Inc.*, 281

---

[1]    Plaintiff's reliance on *Ion v. Chevron*, 731 F.3d 379 (5th Cir. 2013) is misplaced because the facts in the Fifth Circuit case are vastly different than those in this case. In *Ion*, "Chevron concluded that Ion was faking a medical condition after taking [a co-worker's] account of the matter at face value without any sort of investigation." *Id.* at 394.

Page 6 – DEFENDANT'S REPLY ISO
MOTION FOR SUMMARY JUDGMENT

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

F.3d 1054, 1061 (9th Cir. 2002) (explaining that the court "has refused to find a genuine issue where the only evidence presented is uncorroborated and self-serving").

Here, Old Dominion received multiple complaints that Stillwell was belittling and demeaning towards others. Lillywhite testified that he reasonably believed the accusations. Lillywhite Dep. at 92. Plaintiff also acknowledged that Goodrich was "pissed off" after hearing the employee complaints. Stillwell Dep. at 82:4-20. Old Dominion certainly had an interest in remedying the complained of conduct, and there is no evidence that its remedial efforts were not in good faith. Plaintiff's own conclusory assertion that he did not behave inappropriately is irrelevant. *See also Whitley v. City of Portland*, 654 F. Supp. 2d 1194, 1219-1220 (D. Or. 2009) ("As long as the City believed that Whitley lied, its termination of Whitley for untruthfulness is not pretextual.").

### 5. *Plaintiff's alleged Comparators are not Similarly Situated*

Plaintiff argues that his discipline was inconsistent with the Company's response to other employees' wrongdoing. Differential treatment of similarly situated employees is, of course, an indicia of pretext. However, the purported comparators that Plaintiff seeks to compare himself with must, in fact, be "similarly situated." *Moran v. Selig*, 447 F.3d 748 (9th Cir. 2006). The comparator must have "engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 2002). The comparator's conduct must be "nearly identical to prevent courts from second-guessing employer's reasonable decisions and confusing apples with oranges." *Silvera v. Orange County Sch. Bd.*, 244 F.3d 1253, 1259 (11th Cir. 2001).

Plaintiff has not identified a similarly situated employee treated more favorably under similar circumstances. There is zero evidence in the record that Old Dominion's management-

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

level employees are permitted to belittle, degrade, and yell at subordinates without disciplinary repercussions. Similarly, Plaintiff offers no evidence any manager was not disciplined after subordinates complained about being belittled, degraded, and yelled at by a superior.

### 6. *Temporal Proximity does not Establish Pretext*

Finally, Plaintiff makes the familiar argument that the "close timing" between his return to work and the challenged employment actions permits an inference of pretext. Contrary to Plaintiff's assertion, however, timing alone is insufficient to establish pretext where such temporal proximity does not refute any element of an employer's proffered reason for an adverse employment action. *Huitt v. Optum Health Servs.*, 216 F. Supp. 3d 1179, 1195 (D. Or. 2016).

Here, the Company fielded complaints from Plaintiff's subordinates in March 2018 that formed the basis for Plaintiff's April 2018 written warning. The Company subsequently fielded a May 2018 complaint that formed the basis for Plaintiff's June 2018 termination. Nothing about the timing of Plaintiff's absence from work, return to work, or request for a modified schedule refutes the Company's rationale for Plaintiff's discipline.

Further, the employee complaints constitute a legitimate reason for the challenged actions, and the fact that the Company received those complaints when it did serves to sever any causal link that might otherwise exist. *See Wingo v. Mich. Bell Tel. Co.*, 2019 U.S. Dist. LEXIS 25, at *38 (E.D. Mich. Jan. 2, 2019) (finding "sufficiently close temporal proximity . . . to establish the causal connection element," but concluding that "Plaintiff's retaliation claim nevertheless fails because there was an intervening legitimate reason for the termination.").

For the foregoing reasons, there is insufficient evidence to reasonably conclude that Old Dominion's reasons for the challenged actions were "false" or that a discriminatory reason more

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

likely motivated the challenged actions. For substantially the same reasons, Plaintiff's assertion that his leave under OFLA or FMLA was treated as a "negative factor" likewise fails.[2]

## B. Plaintiff was Appropriately Accommodated

Old Dominion fully accommodated Plaintiff's medical restrictions and Plaintiff's continued assertions to the contrary are baseless. The Company granted Plaintiff all the time off work he requested (with pay), fully and completely accommodated his modified work schedule when he returned to work in January 2018, and, according to Plaintiff, eagerly offered him "whatever" he needed to return to work. Stillwell Dep. at 130:14-24.

Plaintiff now claims that Old Dominion should have implemented his delayed promotion to his preferred new role as Regional Linehaul Manager as a form of accommodation for his disability. While Plaintiff indeed requested to make the move to the new role, he made that request because it was a job he coveted. His transfer requests were never premised on a medical impairment or on any inability to perform his existing job. *See Wilborn v. Ashcroft*, 222 F. Supp. 2d 1192, 1210 (S.D. Cal. 2002); *Wade v. Solis*, 2009 U.S. Dist. LEXIS 37581, at *47 (N.D. Cal. May 4, 2009). Old Dominion fully accommodated Plaintiff in his existing job.

Plaintiff also makes the specious *post hoc* argument that he requested, in a private email between himself and Lorenzini, to be excused from being "grumpy," and that this request should have been construed by Old Dominion as a request for accommodation. The text of Plaintiff's March 22, 2018 email stated: "if I am grumpy I apologize now." Owens Decl., Ex. 11, p. 108.

---

[2] Defendant's motion for summary judgment on Plaintiff's leave-related claims encompasses Plaintiff's assertion that he was retaliated for taking paid sick leave contemporaneously with OFLA and FMLA. In addition, as set forth in Defendant's Concise Statement of Facts, Stillwell never used any accrued sick leave during his absence from work. Facts, ¶ 9.

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

Being "grumpy" is not a disability. Apologizing in advance for being grumpy is not a request for a disability accommodation. *See Wessels v. Moore Excavation, Inc.*, 2016 U.S. Dist. LEXIS 52639, at *52 (D. Or. Apr. 18, 2016). Lorenzini could not have reasonably interpreted Plaintiff's email as a request for accommodations. Even if Plaintiff's email could be so construed, the communication is irrelevant to Plaintiff's claims because Old Dominion did not discipline Plaintiff for being grumpy. Plaintiff was disciplined for belittling, degrading, and yelling at subordinates.

In short, Plaintiff has already admitted that the Company fully accommodated his medical impairments and nothing offered in opposition to the Company's motion alters that admission. Plaintiff's failure-to-accommodate claims should be dismissed.

### C. Plaintiff's Alleged Delayed Promotion is Not an Adverse Action

Plaintiff spends significant time and energy arguing why he should have started working in the Regional Linehaul Manager (RLM) on his preferred schedule and why any delay associated with his transfer (or promotion) was improper. The crux of Plaintiff's argument turns on whether a *delay* constitutes an adverse employment action. Any delay in this instance simply does not rise to actionable discrimination or retaliation.

The facts establish: Plaintiff returned to work on January 23, 2018. He claims he could have started in the RLM role at that time, although it was not until February 27, 2018, that Plaintiff inquired about the prospects for assuming his "new role." On April 19, 2018, Plaintiff was placed on a final written warning. The hiring manager, Hugh Morris, learned about the written warning around the same time and was legitimately wary about transferring (or promoting) Plaintiff while he was working through the terms of his written warning. Based on the relevant dates, the *delay* at issue here is, at most, seven weeks: February 27 to April 19, 2018.

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

A delayed transfer or promotion—certainly a delay amounting to seven weeks-- is not an adverse employment action. *Torres v. City of Oakland*, 2017 U.S. Dist. LEXIS 147630 (N.D. Cal. Sept. 12, 2017). In *Torres*, the plaintiff alleged that his employer delayed filling a deputy chief position that the plaintiff coveted. The delay amounted to 22 months. *Id.* at *25. While the court noted that *denying* a promotion constitutes an adverse employment action, the court found "no authority that suggests that Defendants' delay in appointing a deputy chief . . . are adverse employment actions that are sufficient to support a discrimination claim." *Id.* at *48. *See also Jeffrey v. Montefiore Med. Ctr.*, 2013 U.S. Dist. LEXIS 141005, at *56 (S.D.N.Y. Sept. 27, 2013) (holding that "it is a failure to promote, not a failure to quickly promote that makes an employment action materially adverse.").

The cases cited by Plaintiff admittedly stand for the proposition that *denying* a promotion is actionable. The evidence does not, however, support Plaintiff's assertion that he was "denied" the RLM job. It is undisputed that Plaintiff's transfer was merely delayed before he was subsequently terminated.

## CONCLUSION

For the reasons set forth above and in Defendant's motion, the Court should grant Defendant's Motion for Summary Judgment and dismiss this case.

DATED: May 21, 2021.

Respectfully submitted,
JACKSON LEWIS P.C.

By:   s/ Mark Crabtree
       Mark Crabtree, OSB #015070
       crabtreem@jacksonlewis.com
       Attorney for Defendant

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

**DECLARATION OF SERVICE**

I hereby certify that I served the foregoing **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** via:

- ☐ Electronic Mail
- ☐ US Postal Service
- ■ CM/ECF
- ☐ Facsimile Service
- ☐ Hand Delivery
- ☐ UPS

as follows on the date stated below:

> Robert K. Meyer, OSB No. 086470
> Michael Owens, OSB No. 104720
> MEYER STEPHENSON
> 1 SW Columbia St Ste 1850
> Portland, OR 97204
> robert@oregonworkplacelaw.com
> mike@oregonworkplacelaw.com
>
> *Attorneys for Plaintiff*

DATED this 21st day of May, 2021.

By: s/ Delores Petrich
Delores Petrich

4832-4165-2969, v. 1

**Jackson Lewis P.C.**
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)